NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2886
_____

MARIO BENABE DE LEON-GRAMAJO
a/k/a Mario Bernabe de Leon,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A73 768 863)
Immigration Judge:  Honorable Mirlande Tadal
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 20, 2010
Before:  SCIRICA, FISHER and ALDISERT, Circuit Judges

(Filed: October 25, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Mario Benabe De Leon-Gramajo, a citizen of Guatemala, entered the United

States in September 1985.  In 2006, he was charged with removability pursuant to

Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i)]

(present without being admitted or paroled).  De Leon-Gramajo conceded that he was

removable and applied for cancellation of removal pursuant to INA § 240A [8 U.S.C. § 1229b]. The Immigration Judge ("IJ") denied De Leon-Gramajo's cancellation application, finding that he failed to establish that his removal would result in exceptional and extremely unusual hardship to his United States citizen children. The Board of Immigration Appeals ("BIA") dismissed De Leon-Gramajo's appeal on May 13, 2008. De Leon-Gramajo filed a motion to reopen, which the BIA denied on October 31, 2008, based on De Leon-Gramajo's failure to state any new facts or establish that he was prima facie eligible for cancellation of removal. On March 10, 2009, the Board denied a second motion to reopen and a request for reconsideration of the original denial of reopening.

Undeterred, De Leon-Gramajo filed another motion to reconsider and to reopen. He continued to allege that his children would face extreme hardship if he was removed to Guatemala. In particular, De Leon-Gramajo claimed that his children "do not know how to read or write Spanish," that he "has no where to live with his children," that gang violence is prevalent in Guatemala, and that the IJ "erred in not [considering] the country conditions . . . ." On June 25, 2009, the BIA denied relief, noting that the motion challenged its May 13, 2008, decision, that it was untimely, and that no exceptions to the time-bar were applicable. See 8 C.F.R. § 1003.2(b)(2), (c)(2)-(3). The Board also refused to reopen sua sponte, stating that De Leon-Gramajo had not demonstrated that his situation was exceptional. See 8 C.F.R. § 1003.2(a). De Leon-Gramajo filed a timely petition for review.

2

We have jurisdiction over the petition for review pursuant to INA § 242 [8 U.S.C. § 1252].[1] We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). The Board's decision is entitled to "broad deference." Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003). To succeed, De Leon-Gramajo must demonstrate that the discretionary decision was arbitrary, irrational, or contrary to law. See McAllister, 444 F.3d at 185.

Notably, De Leon-Gramajo does not challenge the two primary grounds for the Board's decision, namely, that he sought review only of the original final order of removal and that the motion was time-barred.[2] See Bradley v. Att'y Gen., 603 F.3d 235, 243 n.8 (3d Cir. 2010) (holding that argument not raised in opening brief is waived). Instead, he alleges that the BIA "wrongly applied the law governing the sua sponte mechanism to reopen because there were . . . exceptional circumstances . . . ." Pet'r's Br. 13. According to De Leon-Gramajo, protection of his children's rights under the Constitution and international treaties warranted sua sponte reopening. See id. at 13-21.

---

[1] The petition for review was timely only as to order entered June 25, 2009, denying reopening and reconsideration. Therefore, in this proceeding, we cannot review the BIA's original final order of removal, or its orders of October 13, 2008, or March 10, 2009. See INA 242(b)(1) [8 U.S.C. § 1252(b)(1)]; McAllister v. Att'y Gen., 444 F.3d 178, 184-85 (3d Cir. 2006).

[2] In his Reply Brief, De Leon-Gramajo contends that he is entitled to equitable tolling of the time limitations based on ineffective assistance of counsel. See Reply Br. 2-5. Because, however, he did not exhaust this claim before the BIA, we lack jurisdiction over it. See Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005).

Generally, however, we lack jurisdiction to review the BIA's refusal to reopen sua sponte.  See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 474-75 (3d Cir. 2003) (holding that sua sponte reopening authority is committed to the Board's unfettered discretion and there is no meaningful standard against which the exercise of that discretion can be judged).  While we may review the BIA's decision to determine whether it arbitrarily departed from its precedent or "settled course of adjudication" in refusing to reopen sua sponte, see Cruz v. Att'y Gen., 452 F.3d 240, 250 (3d Cir. 2006), De Leon-Gramajo does not allege that this exception is applicable here.

For the foregoing reasons, we will deny De Leon-Gramajo's petition for review.[3]

---

[3] The Government's motion for summary affirmance is denied.